UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT JEFFERY KING,

    Plaintiff,

v.

DAVID MACKIE, et al.,

    Defendant.

Case No.: 1:18−cv−00503

Hon. Paul L. Maloney

## JOINT STATUS REPORT

Plaintiff Robert Jeffery King ("Plaintiff") and Defendants David Mackie, et al, ("Defendant") submit the following joint status report in accordance with Rule 26(f) and the Court's Order Setting Rule 16 Scheduling Conference (ECF No. 13):

A Rule 16 Scheduling Conference is scheduled for **October 22, 2018, at 4:00 p.m.**, before Hon. Paul L. Maloney. Appearing for the parties as counsel will be:

Plaintiff Robert Jeffery King: **Nicholas H. Klaus**

Defendants Mackie, et al: **Thomas L. Thompson** on behalf of Defendants David Mackie, Bruce Sharp, and Roy Szarfinski; **Daniel P. Steele** on behalf of Defendants Jason Walters and Ginger Ross Moore

1.    <u>Jurisdiction</u>: The basis for the Court's jurisdiction is:

Plaintiff has alleged that the basis for the Court's jurisdiction is conferred upon this Court "by 28 U.S.C. §§ 1331 and 1343(3) and (4), as this action seeks redress for the violation of Plaintiff's federal constitutional and civil rights. Plaintiff's claims for declaratory relief are authorized by 28 U.S.C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure."

2.    <u>Jury or Non-Jury</u>: This case is to be tried **before a jury**.

3.    <u>Judicial Availability</u>: The parties **do not agree** to have a United States Magistrate

1

Judge conduct any and all further proceedings in the case, including trial, and to order the entry of final judgment.

  4. <u>Statement of the Case</u>: This case involves:

  This is a civil action in which Plaintiff alleges that Defendants violated his rights, privileges, and immunities secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983, and the First and Fourteenth Amendments to the United States Constitution. Plaintiff alleges that he was singled out and defamed by the Defendants, where they conspired to remove him from the Hillsdale Airport Advisory Committee and made a false police report against him for trespass at the airport. Plaintiff further alleges that the Defendants actions were in retaliation for his First Amendment protected speech, wherein he spoke publicly about mismanagement of the airport and airport funds, nepotism, and City corruption. As a result of Defendants allegedly unconstitutional acts, Plaintiff is seeking compensatory and punitive damages, declaratory relief, an award of attorney's fees and costs, and any such additional relief as the Court deems proper.

  Defendants David Mackie, Bruce Sharp, and Roy Szarfinski were all representatives of the City of Hillsdale in various capacities during the times that are the subject of the allegations in the Plaintiff's Complaint – Mr. Mackie being the City Manager, Mr. Sharp being a member of the City Council, and Mr. Szarfinski being a member of the City's Airport Advisory Committee. As to the Plaintiff's official capacity claims, Defendants take the position that Plaintiff's allegations fail to demonstrate that any action was taken against him to deprive him of any constitutional right based on the application of any policy or custom of the City of Hillsdale. For example, it is Defendants' position that the Plaintiff was not removed as the chairperson of the Airport Advisory Committee (a purely advisory committee of the City Council of the City of Hillsdale that was created by and was and is subservient to the City Council) by any action of any of the Defendants, but was instead replaced as the chairperson at the expiration of his term by way of a vote of the members of the

Committee, following a motion supported and approved by the Plaintiff. Similarly, it is Defendants position that Plaintiff was not re-appointed to the Committee because Plaintiff had advised the City's then-Mayor that Plaintiff would be relocating to the Holland area.

As to Plaintiff's personal capacity claims, Defendants Mackie, Sharp, and Szarfinski generally take the position that: 1) many of the factual allegations that form the basis of Plaintiff's putative claims are either false or are pled in a purposefully misleading way; 2) none of the matters alleged in the Plaintiff's Complaint rise to the level of a deprivation of any of the Plaintiff's constitutional rights; and 3) their conduct was objectively reasonable and none of them engaged in any conduct that violated clearly established federal law, Defendants maintaining that they have qualified immunity with respect to Plaintiff's claims.

Defendants Jason Walters and Ginger Moore were, respectively, the airport manager and assistant airport manager. Defendants Walters and Moore were not acting under color of state law and both are immune from liability pursuant the qualified immunity doctrine. There are multiple factual disputes regarding the allegations in the complaint. Further, Defendants deny that the facts as alleged set forth a prima facie case of unconstitutional acts under 42 U.S.C. 1983.

5. Prospects of Settlement: The status of settlement negotiations is:

On October 1, 2018, the parties discussed the prospect of settlement during a telephone conference between Plaintiff's counsel and counsel for Defendants; the latter indicated that the likelihood of settlement was "slim." However, counsel for Plaintiff remains optimistic that a settlement agreement can be reached.

6. Pendent State Claims: At this time, this case **does not** include pendent state claims.

7. Joinder of Parties and Amendment of Pleadings: The parties expect to file all motions for joinder of parties to this action and to file all motions to amend the pleadings by February 19, 2019.

3

8. <u>Disclosures and Exchanges</u>:

   (a) FED. R. CIV. P. 26(a)(1) requires initial disclosures unless the Court orders otherwise. The parties propose the following schedule for Rule 26(a)(1) disclosures: The parties have agreed that exchange initial disclosures by **October 29, 2018**.

   (b) The plaintiff expects to be able to furnish the names of plaintiff's expert witness(es) by **January 20, 2019**. Defendant expects to be able to furnish the names of defendant's expert witness(es) by **February 19, 2019**.

   (c) It **would** be advisable in this case to exchange written expert witness reports as contemplated by FED. R. CIV. P. 26(a)(2), within 30 days of the disclosure of each of the parties' expert witness lists.

   (d) The parties are unable to agree on voluntary production at this time.

9. <u>Discovery</u>: The parties believe that all discovery proceedings can be completed by **April 22, 2019**.

10. <u>Disclosure or Discovery of Electronically Stored Information</u>: The parties have discussed the production of electronically stored information and suggest that such information be handled as follows:

The parties jointly propose that they each provide all electronically stored information in ".pdf" format on either a compact disk or USB drive, or that such information be produced in a printed format, when feasible, and to preserve all meta-data. Where videos and pictures are discoverable, the parties agree to provide such data on a USB drive or compact disc in a common playable video format.

11. <u>Assertion of Claims of Privilege or Work-Product Immunity After Production</u>.

The parties jointly agree to a "clawback" provision related to the inadvertent disclosure of privileged documents or work-product.

12. <u>Motions</u>. The parties acknowledge that W.D. Mich. L. Civ. R. 7.1(d) requires the moving party to ascertain whether the motion will be opposed, and in the case of all

4

nondispositive motions, counsel or pro se parties involved in the dispute shall confer in a good-faith effort to resolve the dispute. In addition, all nondispositive motions shall be accompanied by a separately filed certificate.

The following dispositive motions are contemplated by each party:

**Plaintiff**: If necessary, Plaintiff will file a motion for Summary Judgment pursuant to FED. R. CIV. P. 56.

**Defendants**: Defendants anticipate filing a Motion to Dismiss based on qualified immunity and failure to state a claim upon which relief can be granted. Defendants ask the court to allow limited discovery on the qualified immunity issue prior to the filing of a qualified immunity motion. If necessary, Defendants anticipate a summary judgment motion at the close of discovery based on Plaintiff's failure to create a question of fact on the alleged constitutional violations.

The parties anticipate that all dispositive motions will be filed within 60 days of the close of discovery.

13. <u>Alternative Dispute Resolution</u>. In the interest of conserving judicial resources, the parties acknowledge that the Court will require the parties to participate in some form of Alternative Dispute Resolution.

Plaintiff has no preference with respect to alternative dispute resolution, while Defendants Mackie, Sharp, and Szarfinski prefer case evaluation pursuant to the Michigan Court Rules.

14. <u>Length of Trial</u>: If necessary, counsel estimate that the trial will last approximately **5 days** total, allocated as follows: **3 days** for plaintiff's case, **2 days** for defendant's case, **0 days** for other parties.

15. <u>Electronic Document Filing System</u>: Counsel state that they are aware of Local Civil Rule 5.7(a)'s requirement that attorneys file and serve all documents electronically by

means of the Court's CM/ECF system.

Dated: October 17, 2018                                    Respectfully submitted,

*s/ Nicholas H. Klaus*                                             *s/ Thomas L. Thompson*
Nicholas H. Klaus                                              Thomas L. Thompson  (P48937)
Klaus Law PLLC                                                 Lovinger & Thompson, P.C.
520 South Union St.                                            91 S. Broad St., P.O. Box 358
Traverse City, MI 49684                                        Hillsdale, Michigan  49242
Phone:   (313)-757-2052                                        Voice:  (517) 439-1421
Facsimile: (313) 922-5117                                      Facsimile:  (517) 439-9030
Email: nicholas@klauslawpllc.com                               Email: tlthompsonsr@me.com
*Attorney for Plaintiff*                                       Attorneys for Defendants
                                                               Mackie, Szarfinski, and Sharp

                                                               *s/ Daniel P. Steele*
                                                               Daniel P. Steele  (P34295)
                                                               Law Office of Daniel P. Steele, PLLC
                                                               33470 Lyndon, Suite 100
                                                               Livonia, Michigan  48154
                                                               Voice:  (248) 830-6312
                                                               Facsimile: (734) 425-6553
                                                               Email: dan@dansteelelaw.com
                                                               Attorney for Defendants Walters
                                                               and Moore

## CERTIFICATE OF SERVICE

I, Nicholas H. Klaus hereby certify that on October 17, 2018 I caused a true and correct copy of the foregoing document titled **Joint Status Report** to be served via electronic filing on the following counsel of record:

>Thomas L. Thompson  (P48937)
>Lovinger & Thompson, P.C.
>91 S. Broad St., P.O. Box 358
>Hillsdale, Michigan  49242
>Voice:  (517) 439-1421
>Facsimile:  (517) 439-9030
>Email: tlthompsonsr@me.com
>Attorneys for Defendants
>Mackie, Szarfinski, and Sharp
>
>Daniel P. Steele  (P34295)
>Law Office of Daniel P. Steele, PLLC
>33470 Lyndon, Suite 100
>Livonia, Michigan  48154
>Voice:  (248) 830-6312
>Facsimile: (734) 425-6553
>Email: dan@dansteelelaw.com
>Attorney for Defendants Walters
>and Moore

By: *s/ Nicholas H. Klaus*